### E. P. CARVER ET AL. v. FIRST NATIONAL BANK OF CROCKETT.

Delivered March 26, 1898.

**Removing Cloud from Title—Insufficient Grounds.**

Where the plaintiff's petition to remove cloud from the title to land and for damages discloses that the adverse claim consists of a judgment against plaintiff's grantor foreclosing an attachment lien upon the land, the attachment having been levied after plaintiff's right had accrued, and such judgment having never been carried to sale, no ground is shown for apprehending that plaintiff's possession will ever be disturbed, and no cause of action appears.

APPEAL from Archer.   Tried below before Hon. GEORGE E. MILLER.

*F. E. Dycus*, for appellants.

*Munn & Munn*, for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This case went off on demurrer, it being a suit by appellants to remove cloud from their title to a large body of land situated in Archer County, upon which the appellee bank, in a suit brought in Houston County against E. H. East, had caused an attachment to be levied as the property of said East and a judgment to be entered foreclosing the attachment lien.   At the date of the attachment levy the title to the land stood in the name of East, but subsequent thereto the appellants acquired this title at a foreclosure sale under a deed of trust previously made by East and duly recorded prior to the levy of the attachment.

The petition as amended by the trial amendment made it clear that appellants were in no danger of being disturbed in their possession of the land on account of the attachment proceedings, as it negatived the idea that the appellee bank intended to sell the lands under the judgment foreclosing the attachment lien, but on the contrary, charged that the appellee bank abstained therefrom because it knew that the purchaser at such a sale would not only acquire no title, but would be subject to a suit in trespass to try title, and that it was attempting to extort money from appellants "by holding said judgment of foreclosure as a cloud on the title" of appellants.   The petition so amended made it equally clear that nothing done in pursuance of the attachment proceeding could really affect the title of appellants.

As to the special damage claimed for the loss of an advantageous sale of the property, the allegations failed to show that any such special damage was within the contemplation of the parties.

We are therefore of opinion that the petition as originally drawn and as amended by the trial amendment failed to show the existence of any such cloud upon the title as would warrant a suit in equity to remove cloud, and also that it failed to state a case which would warrant any recovery for damages.   For a valuable discussion of the grounds of the first conclusion and a review of the authorities, see the opinion of Chief Justice Lightfoot in Heath v. Bank, 32 Southwestern Reporter, 778.   In addition to the cases there cited, see Clark v. Davenport, 95 New York, 477, which was an action to remove or prevent a cloud before the sale of the property took place, the invalidity of the lien being fully disclosed in the bill.   But it was there held that the contemplated injury was entirely speculative, and without sufficient grounds to justify the interposition of a court of equity, as there was nothing to warrant the apprehension of the sale in anticipation of which the action was brought; the court stating that "mere apprehension and groundless fears are not enough to sanction an action of this character."

In the case at bar, according to the allegations of the trial amendment, there is not even the apprehension of a sale, as the complaint in effect is that the plaintiff in the judgment foreclosing the attachment lien, knowing that it would avail nothing, purposely avoids having a sale made.

As to the charge that it is thus attempting to extort money from appellants, their simple and adequate remedy is to refuse to pay any.

Therefore, upon appellants' statement of the pleadings and issues, which is acquiesced in by appellee, we affirm the judgment.

*Affirmed.*

### ON MOTION FOR REHEARING.

Amongst others, the motion for rehearing cites the case of Stokes v. Houghton, 45 New York Supplement, 21, which was an action to cancel a mortgage given by the plaintiff in the action on real estate in the city of New York. The mortgage had been given as an indemnity to the mortgagee for becoming surety, at the instance of the mortgagor, on the bond of certain receivers. After the bond was canceled and the sureties discharged, the action to remove cloud was brought, and was held to be maintainable. In the course of the opinion, which is evidently a well considered as well as an instructive one, this language is used: "The mortgage was executed by the true owner, and creates a prima facie lien, although, in order to enforce that lien, the mortgage would have to furnish extrinsic proof. In spite of this, however, it creates a prima facie interest in the land, to destroy which the plaintiff would be obliged to adduce extrinsic proof; and it is this latter fact which renders it a cloud."

But is that a parallel case to this? We think not. There, on the face of the title of the plaintiff seeking to remove cloud was a mortgage apparently valid, and it required extrinsic proof to show that it had ceased to incumber the title. Here, the bare exhibition of plaintiffs' (appellants) title shows that they hold under a trust deed made and recorded prior to the levy of the attachment, which leaves the attachment lien as empty as it would be with the debt paid off. No extrinsic proof is required. If the sale through which appellants deraign title was made as provided in the deed of trust, it is manifest that they have a perfect title, notwithstanding the intervening and subordinate attachment lien; but if the sale was not so made, then they have no title, and can not maintain the suit to remove cloud.

Being still of opinion that no cloud was shown by appellants, we overrule the motion.

*Overruled.*

Writ of error refused.